# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUAN A. KINLEY, :

                Petitioner,                     Case No. 3:03-cv-127

        -vs-                        District Judge Michael A. Watson
                                                  Magistrate Judge Michael R. Merz

MARGARET BRADSHAW,
      Warden,


                Respondent. :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner Juan Kinley's Objections (Part I, Doc. No. 74; Part II, Doc. No. 75) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 67) recommending that the Petition be dismissed. The Warden has filed a Respond to the Objections (Doc. No. 76). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The Petition contains twenty-nine numbered Grounds for Relief.  Petitioner withdrew Grounds Six, Twenty-Four, Twenty-Seven, and Twenty-Eight before the Report, and they are no longer at issue.

The Report recommended dismissal of all remaining claims.  Petitioner has not objected to that proposed disposition on Grounds for Relief One, Two, Four, Seven, Nine, Ten, Eleven, Fourteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Five, and Twenty-

Nine.

On the following Grounds for Relief on which objection was made, the Magistrate Judge concludes no additional analysis is necessary and relies on the analysis made in the Report: Three, Five, Eight, Twelve, Thirteen, Fifteen, and Twenty-Six.

**Sixteenth and Seventeenth Grounds for Relief**

In these two Grounds for Relief, Kinley claims his trial was rendered unfair by the false testimony of Donald Merriman. Essentially, Merriman testified

(1)   at Kinley's trial in February, 1991, that he had had a conversation with Kinley in January, 1989, in which Kinley admitted killing Thelma and David Miller and that he had received no consideration for his testimony;

(2)   in an affidavit solicited by Assistant Ohio Public Defender Kathryn Sandford in 1996 that he had lied at the trial about the conversation and that he had done so to obtain leniency;

(3)   in a deposition taken in discovery during these habeas proceedings on May 24, 2004, that he had lied at the trial and that his 1996 affidavit was true.

After the 1996 Affidavit was filed, several of the state prosecuting attorneys also went to see Mr. Merriman in prison. When it came time for the evidentiary hearing in post-conviction, Mr. Merriman could not be found, but the three prosecutors testified Merriman had told them the affidavit was untrue and that attorney Sandford had "played on his conscience." The state trial court admitted Merriman's affidavit, but found it not credible in light of the testimony of the four prosecutors. This post-conviction decision was affirmed on appeal. Kinley's claim here is that the

2

judgment of the state court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The Report declined to consider the May, 2004, Merriman deposition on the basis of *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), which held that federal habeas court evaluations of state court decisions under either 28 U.S.C. § 2254(d)(1) or (2) were limited to the record before the state court (Doc. No. 67, PageID 571). Excluding that testimony, the Report concluded that the state court's credibility determination was not unreasonable. *Id.* PageID 572.

Petitioner objects at length. He acknowledges that the state court of appeals upheld the trial court's credibility determination in post-conviction in part because Merriman's testimony was un-cross-examined. Kinley then claims "this finding is unreasonable in light of the facts developed during discovery." (Objections, Doc. No. 74, PageID 644.) Petitioner then spends many pages of his Objections arguing the materiality of Merriman's testimony, the unconstitutionality of the use of knowingly perjured testimony and the general unreliability of jailhouse informants or "snitches." (PageID 643- 655). All of this argument is dependent on the claim that Merriman's trial testimony was false and his affidavit in post-conviction was true, both of which conclusions depend on overturning the state court's credibility findings. But doing so depends further on Merriman's deposition taken in this case.

Kinley says he disagrees with the Report's reliance on *Pinholster* "on two theories: 1) that the R&R incorrectly applied *Pinholster* herein, and 2) that *Pinholster* applies, as *Trimble [v. Bobby,* No. 5:10-cv-149, 2011 WL 1527323 (N.D. Ohio Apr. 19, 2011)] held, to claims brought in federal habeas under 28 U.S.C. § 2254(d)(2)." (Objections, Doc. No. 74, PageID 656.) However, having announced he has two theories why the Report's reliance on *Pinholster* is wrong, he does nothing

3

to spell out those theories.  How does the R&R incorrectly apply *Pinholster*?  The Objections do not say.

28 U.S.C. § 2254(d)(2) permits a federal habeas court to grant relief when the state court proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  That is precisely what Petitioner is claiming in these two Grounds for Relief.  The precise holding in *Pinholster* is that review under § 2254(d)(1) is limited to the record before the state court, but the Court made it clear the same limitations apply to (d)(2).  *Pinholster*, 131 S. Ct. 1388, 1400, n. 7.  In fact, the limitation in (d)(2) is explicit.

*Pinholster* plainly precludes this Court from considering the Merriman deposition.  Without that evidence, the state courts' credibility decision is entitled to deference.

**Eighteenth Ground for Relief**

In his Eighteenth Ground for Relief, Kinley claims his counsel labored under a conflict of interest.  The Report recommended this claim be dismissed because "[t]he record clearly establishes that at no time did the Clark County Public Defender represent Mr. Kinley and Mr. Merriman simultaneously."  (Doc. No. 67, PageID 579) After the Clark County Public Defender withdrew from representing Mr. Kinley, Mr. Keach of that office re-entered the case for the limited purpose of cross-examining the State's DNA expert witness and presenting the defense's.  Mr. Kinley waived any possible conflict arising from that limited appearance.  The Report concluded that the state court of appeals decision on this question was neither contrary to nor an objectively

unreasonable application of Supreme Court precedent.  Petitioner objects, but largely relies on a construal of the facts which is unpersuasive.  The Magistrate Judge does not believe any additional analysis is needed on this claim beyond that presented in the Report.

## Conclusion

Having reviewed Petitioner's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Furthermore, the Magistrate Judge concludes no reasonable jurist would disagree with this conclusion and respectfully recommends Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*.

September 13, 2011.

> s/ **Michael R. Merz**
> United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).