# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUAN A. KINLEY,

                    Petitioner,              :      Case No.  3:03-cv-127

           - vs -                                   District Judge Michael A. Watson
                                                    Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

                                             :

                    Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on remand from the United States

Court of Appeals for the Sixth Circuit, *Kinley v. Bradshaw*, Case No. 14-4063 (6th Cir. Order,

Aug. 15, 2019)(unreported; copy at ECF No. 93).    The Remand Order reads in its entirety:

> The petitioner moves to remand this appeal to the district court to
> permit it to consider the Sixteenth and Seventeenth grounds for
> relief in light of new deposition testimony. The respondent opposes
> the motion, and the petitioner replies.
>
> The motion to remand is GRANTED to enable the district court to
> address the matters in the first instance. The court will retain
> jurisdiction in this appeal, and the petitioner is instructed to file a
> status report every 90 days.

*Id.*. at PageID 934.  The Sixth Circuit issued no mandate.

To obtain that consideration, Petitioner has filed a Motion to Grant Habeas Relief on

Grounds 16 and 17 ("Motion to Grant," ECF No. 111).  Respondent opposes the Motion (ECF

No. 112) and Petitioner has filed a Reply in support (ECF No. 117).

1

As a post-judgment motion, the Motion to Grant is referred to the Magistrate Judge under 28 U.S.C. § 626(b)(3) for report and recommendations.

The day after the remand order was entered, the Magistrate Judge entered a Scheduling Order which required digitization of the State Court Record and then filing by Petitioner of "an appropriate motion seeking relief in this Court on the basis of the Remand Order." (ECF No. 94. PageID 938). The Scheduling Order noted that "[a]lthough the Sixth Circuit in the Remand Order retained jurisdiction of the appeal and required regular status reports, the Remand Order returns jurisdiction to this Court to deal appropriately with the remanded matter." *Id.* at n.1.

The Motion to Grant assumes this Court has full jurisdiction to grant habeas relief. Kinley asks the Court to issue a writ of habeas corpus "order[ing] the State of Ohio to retry him within 60 days or release him from custody." In the Magistrate Judge's opinion, Petitioner has misread the Remand Order and asks this Court to do something it has no present authority to do: consider Grounds 16 and 17 *de novo* and enter judgment on them. But this Court has already entered judgment on Grounds 16 and 17. On October 2, 2014, District Judge Watson adopted the Magistrate Judge's recommendation to dismiss these two Grounds for Relief with prejudice (Opinion and Order, ECF No. 85, PageID 803, adopting Report (ECF No. 67 and Supplemental Report (ECF No. 77); Judgment, ECF No. 86.) Petitioner appealed (ECF No. 87) and that appeal remains pending under Sixth Circuit Case No. 14-4063.

The Magistrate Judge believes the Motion to Grant substantially overreads the Remand Order. There already exists a final judgment in this case on Grounds Sixteen and Seventeen, a judgment both appealable and appealed. The Remand Order does not purport to vacate that judgment or any part of it. Rather it leaves the question of whether that judgment should be

2

vacated, in light of the deposition testimony, to the judgment of this Court.

In other words, the Motion to Grant treats the judgment on Grounds Sixteen and 17 as already vacated and the merits of those Grounds to be before this Court for decision *de novo*. To the contrary, the Magistrate Judge believes the proper course is for Petitioner to move for relief from judgment under Fed.R.Civ.P. 60(b). This Court will then have authority either to deny that motion or to make an indicative ruling under Fed.R.Civ.P. 62.1(a)(3).

This is not a mere matter of labeling. The Motion to Grant does not purport to meet any of the requirements for vacating a judgment under Fed.R.Civ.P. 60. This Court lacks authority to modify a judgment which has been appealed unless the movant meets the standard of Fed.R.Civ.P. 60.

Accordingly, the Magistrate Judge respectfully recommends the Motion to Grant be denied without deciding the merits of the matter and without prejudice to its renewal under Fed.R.Civ.P. 60.

June 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

3