# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUAN A. KINLEY,

        Petitioner,    :    Case No.  3:03-cv-127

  - vs -                            District Judge Michael A. Watson
                                             Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

                                            :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals.  The Remand Order reads in its entirety:

> The petitioner moves to remand this appeal to the district court to permit it to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony. The respondent opposes the motion, and the petitioner replies.
>
> The motion to remand is GRANTED to enable the district court to address the matters in the first instance. The court will retain jurisdiction in this appeal, and the petitioner is instructed to file a status report every 90 days.

*Kinley v. Bradshaw*, Case No. 14-4063 (6th Cir. Order, Aug. 15, 2019)(unreported; copy at ECF No. 93, PageID 934).  Upon remand, the Magistrate Judge ordered Petitioner to file an "appropriate motion" to allow this Court to do precisely what the Sixth Circuit ordered, "to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony." That Motion

1

was finally filed March 2, 2020, but it sought final habeas relief on Grounds Sixteen and Seventeen, rather than an initial vacation of the judgment on those two grounds under Fed.R.Civ.P. 60 (Motion to Grant, ECF No. 111). The Magistrate Judge recommended the Motion to Grant be denied without prejudice to a Rule 60(b) motion (Report, ECF No. 118). Petitioner has objected (ECF No. 121), Respondent has replied to those Objections (ECF No. 122), and Judge Watson has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 123).

The Report takes the position that this Court lacks jurisdiction to modify a judgment which has been appealed unless that judgment is first vacated.

Petitioner objects that the Magistrate Judge reads the Remand Order too narrowly. Instead, he argues

> The scope of a remand order is determined by examining the entire order or opinion to determine whether and how the court of appeals intended to limit the remand." *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004). "The key is to consider the specific language used in the context of the entire opinion or order" *United States v. Campbell,* 168 F.3d 263, 267-68 (6th Cir. 1999).

(Objections, ECF No. 121, PageID 9022). But then, noting that the Remand Order is succinct, Petitioner says "the language therein must be read *in pari materia* with the parties' pleadings, in order to resolve the issue." *Id.* This is directly contrary to examining only the text of the remand order.

*Scott v. Churchill,* relied on by Petitioner, says nothing about reading a remand order *in pari materia* with the motion for remand. Instead it held "The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals" and "[t]he scope of a remand is determined by examining the entire order or opinion, to determine whether

and how the court of appeals intended to limit a remand. 377 F.3d at 570, citing *United States v. Campbell*, 168 F.3d 263, 265, 266-68 (6th Cir. 1999).  *In pari materia* is a canon of statutory construction, not a rule for reading appellate court remand orders.

Kinley next argues that if the Sixth Circuit had intended a limited remand, it would have cited "App.R.Civ.P. 12.1[1] which dictates that in certain situations a party is required to file a motion pursuant to Fed.R.Civ.P. 60(b) prior to the district court addressing issue(s) remanded by the court of appeals in response, prior to the issuance of an opinion."  Fed. R. App. P. 12.1 provides in its entirety:

> **(a) Notice to the Court of Appeals.** If a timely motion [for relief from judgment] is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> **(b) Remand After an Indicative Ruling.** If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

This rule was adopted effective December 1, 2009, in conjunction with Fed.R.Civ.P. 62.1, effective the same date, which provides:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or

---

[1] The rule in question is part of the Federal Rules of Appellate Procedure.  There are not separate sets of civil and criminal appellate federal rules.  See Fed.R.App.1(c): **Title.**  These rules are to be known as the Federal Rules of Appellate Procedure.

> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue
>
> (b)     **Notice to the Court of Appeals**. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> **(c) Remand**. The district court may decide the motion if the court of appeals remands for that purpose.

These two Rules should be read *in pari materia* because they were adopted by the same March 26, 2009, United States Supreme Court Order in the exercise of the Court's rulemaking authority under the Rules Enabling Act[2]. The Advisory Committee Note to Fed.R.Civ.P. 62.1 explains "This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." A final judgment dismissing a habeas petition with prejudice such as the judgment in this case of October 2, 2014, (ECF No. 86) which has been appealed is beyond the authority of this Court to modify while the Sixth Circuit retains jurisdiction, as it has here.

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

Reading of the Remand Order here is most consistent with this cited law when it is read as giving Petitioner an opportunity to file a motion for relief from judgment and for the Sixth

---

[2] In adopting rules under the Rules Enabling Act, the Supreme Court performs a legislative function. Hence it is appropriate to apply canons of statutory construction such as *in pari materia*.

Circuit to receive an indicative ruling from this Court on the issues of procedural default and the merits of Grounds Sixteen and Seventeen. The Sixth Circuit did not, it must be noted, issue a mandate in connection with the Remand Order and expressly retained appellate jurisdiction in the body of that Order.

In a capital habeas corpus case when a District Court has doubts of its jurisdiction but proceeds to accept a petitioner's invitation to act as if it did, it is the Court and Respondent who bear the risks of a mistake. If a District Court spends considerable time deciding a complex matter on which the circuit court later finds it did not have jurisdiction, the decision will be void, the District Court will have wasted considerable time deciding a matter without jurisdiction, and the State will be deprived of finality for however long an appeal takes.

This parallels the situation when a capital petitioner files a second-in-time petition and then resists transfer to the circuit court for permission to proceed under 28 U.S.C. § 2244(b). A District Court lacks jurisdiction to decide a second or successive habeas petition. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). However, a District Court must decide in the first instance if a petition is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). If a District Court errs in that decision and acts as if it has jurisdiction which the circuit court later determines it did not, a great deal of judicial time will be wasted producing a void judgment. On the other hand, if the District Court transfers the case for permission to proceed and the circuit court decides no permission is needed, the circuit court typically makes that decision in short order and the District Court can proceed with confidence.

However, capital habeas petitioners seldom accept the logic of this judicial economy argument and instead resist transfer. Why? Could it be because delay furthers their interest in

avoiding execution while the courts labor over distinctions?

In this case, Petitioner could have avoided delay by filing the 60(b) motion suggested in the Report. Alternatively, Petitioner could seek circuit court clarification of the Remand Order since the Sixth Circuit retained jurisdiction[3]. Instead, the process is prolonged to no good end.

**Conclusion**

Having reconsidered the matter, the Magistrate Judge again respectfully recommends the Motion to Grant be denied without prejudice to Petitioner's filing of a motion to vacate under Fed.R.Civ.P. 60(b).

November 5, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[3] This Court, of course, cannot seek that clarification because it is not a party to the appeal.