**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Juan A. Kinley,**

    **Petitioner,**

    **v.**

**Margaret Bradshaw, Warden,**

    **Respondent.**

Case No. 3:03–cv–127

Judge Michael H. Watson

Magistrate Judge Michael R. Merz

## OPINION AND ORDER

The Sixth Circuit remanded this capital habeas corpus case in August 2019; its Order reads in its entirety:

> The petitioner moves to remand this appeal to the district court to permit it to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony. The respondent opposes the motion, and the petitioner replies.
>
> The motion to remand is GRANTED to enable the district court to address the matters in the first instance. The court will retain jurisdiction in this appeal, and the petitioner is instructed to file a status report every 90 days.

*Kinley v. Bradshaw*, Case No. 14-4063 (6th Cir. Order, Aug. 15, 2019) (unreported; copy at ECF No. 93, PageID # 934).  Upon remand, the Magistrate Judge ordered Petitioner to file an "appropriate motion" to allow this Court to do precisely what the Sixth Circuit ordered, "to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony."  More than

six months later, Petitioner moved for judgment on Grounds Sixteen and Seventeen rather than moving to vacate the judgment already entered on those grounds. Mot., ECF No. 111. The Magistrate Judge recommended the motion be denied without prejudice to allow Petitioner to file a Rule 60(B) motion. R&R, ECF No. 118. Petitioner objected. ECF No. 121. On recommittal, the Magistrate Judge has again recommended that Petitioner's motion be denied without prejudice. Supplemental R&R, ECF No. 125.

Both the R&R and Supplemental R&R take the position that this Court does not have jurisdiction to modify a final judgment which is on appeal without first vacating that judgment under Federal Rule of Civil Procedure 60(b).

Petitioner argues that the Magistrate Judge has misread the Remand Order. He claims that the Sixth Circuit has already essentially vacated this Court's judgment as to Grounds Sixteen and Seventeen. But certain aspects of the Remand Order suggest otherwise: (1) the Sixth Circuit expressly retained jurisdiction; (2) the Sixth Circuit did not issue a mandate; and (3) the Remand Order contains no language vacating this Court's judgment.

Kinley argues the Remand Order must be read in the context of the motion seeking remand. Corrected Obj., ECF No. 127. But doing so does not clarify the ambiguity the Magistrate Judge found in the Remand Order. Kinley's motion, as he states, asked the Sixth Circuit to "order the case remanded to the District

Court to permit it to consider the Sixteenth and Seventeenth Grounds for Relief, in light of Merriman's deposition." *Id.* at 5. The motion to remand did not suggest the form of the remand or attach a proposed order. Furthermore, the motion to remand did not ask the Sixth Circuit to vacate this Court's judgment before remanding or to retain jurisdiction pending remand (which the Sixth Circuit apparently did *sua sponte*). In sum, the motion to remand does not add any clarity to the Remand Order itself. As Petitioner admits, "The Sixth Circuit remand order tracked the language of the motion." Corrected Obj., ECF No. 127.

Petitioner next asserts that "Judicial Economy Favors the Court Addressing the Merriman Issues Without Invoking Rule 60." *Id.* at 6–7. He hypothesizes the steps that would be required by the Magistrate Judge's recommended 60(b) procedure at the end of which "Kinley will have spent more time under a sentence of death that may very well be ruled unconstitutional." *Id.* The Court agrees with the Magistrate Judge that insisting Petitioner follow the correct procedures will aid judicial efficiency, but in any event, the Court wishes to ensure it has jurisdiction. Furthermore, a decision on the merits in this case is neither necessary to avoid an imminent execution date, Corrected Obj. 8, ECF No. 127, nor likely to result in Petitioner being immediately released. Therefore, whatever delay may result is unlikely to be prejudicial.

Petitioner's Objections are **OVERRULED** and the Report and Supplemental Report are **ADOPTED**. Petitioner's motion, ECF No. 111, is

**DENIED** without prejudice to Petitioner's filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) not later than January 15, 2021.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**