# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUAN A. KINLEY,

        Petitioner,    :    Case No. 3:03-cv-127

 - vs -    District Judge Michael A. Watson
    Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6)(ECF No. 133). Respondent opposes the Motion (ECF No. 134) and Petitioner has filed a Reply Memorandum in support (ECF No. 135). Motions for relief from judgment require a report and recommendations from a Magistrate Judge to whom the case has been referred. 28 U.S.C. § 636(b)(3).

**Litigation History**

In May, 1991, Kinley was convicted by a three-judge panel in the Common Pleas Court of Clark County, Ohio, of the aggravated murder of his girlfriend and her son. *State v. Kinley*, 72 Ohio St. 3d 491 (1995). Kinley filed his Petition for habeas corpus in this Court on April 11, 2003 (ECF No. 2). On September 22, 2004, Petitioner sought leave to depose Donald Merriman

1

who testified at trial that Kinley had confessed to the murders to him (Motion for Discovery, ECF No. 29). Counsel represented that Merriman had, after trial, recanted his testimony, but could not be found to testify in post-conviction. *Id.* at PageID 108.

On March 29, 2006, District Judge Michael Watson, to whom this case had been reassigned, granted the motion to depose Merriman (ECF No. 40). Having successfully deposed Merriman at the City of Las Vegas Detention Center on May 24, 2006, Petitioner sought and received permission to expand the record in this case to include the transcript of that deposition (ECF Nos. 42, 43, and 44).

On May 19, 2010, the case was referred to the undersigned (ECF No. 63). The parties confirmed that the case was ripe for decision and on June 29, 2011, the undersigned filed a Report recommending the Petition be dismissed (ECF No. 67). After objections and recommittal, the undersigned filed a Supplemental Report and Recommendations reaching the same conclusion (ECF No. 77).

In the Report, the Magistrate Judge recognized the importance of Merriman's deposition testimony, but noted that after it was added to the record, the Supreme Court had decided *Cullen v. Pinholster*, 563 U.S. 170 (2011). The Report concluded that *Pinholster* prohibited this Court from considering the Merriman deposition on the merits. (ECF No. 67, PageID 571, citing *Trimble v. Bobby,* 2011 WL 1527323 at *2 (N.D Ohio, Apr. 19, 2011), and *Bray v. Andrews,* 640 F.3d 731, 737 (6th Cir. 2011)). The Supplemental Report reiterated this conclusion (ECF No. 77, PageID 675-77).

On October 2, 2014, Judge Watson adopted the Reports and dismissed the case (ECF No. 85). Considering the Sixteenth and Seventeenth Grounds for Relief, he upheld the Reports' determination that the deposition could not be considered, but that a certificate of appealability

2

should issue on those two Grounds. *Id.* at PageID 771-89.

Kinley appealed to the Sixth Circuit where the case remains pending under Case No. 14-4063. On Kinley's motion, the Sixth Circuit stayed the appeal pending presentation of the matter to the Ohio courts (6th Cir. ECF No. 15-2, Feb. 18, 2015). Four years later on March 12, 2019, after the state court proceedings were completed, Kinley moved to remand the case to this Court (6th Cir. ECF No. 43). Despite extensive briefing (6th Cir. ECF No. 44, 47), the circuit court entered a very cursory remand order which reads in its entirety:

> The petitioner moves to remand this appeal to the district court to permit it to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony. The respondent opposes the motion, and the petitioner replies.
>
> The motion to remand is GRANTED to enable the district court to address the matters in the first instance. The court will retain jurisdiction in this appeal, and the petitioner is instructed to file a status report every 90 days.

(6th Cir. ECF No. 48; copy in this Court's record at ECF No. 93).

Immediately upon remand, the Magistrate Judge ordered Petitioner to file an "appropriate motion" to allow this Court to do precisely what the Sixth Circuit ordered, "to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony." Petitioner delayed filing any motion for more than six months, but eventually moved for judgment on Grounds Sixteen and Seventeen, rather than for vacation of the judgment already entered on those grounds (Motion to Grant, ECF No. 111). The Magistrate Judge recommended the Motion to Grant be denied without prejudice to a Rule 60(b) motion (Report, ECF No. 118). Petitioner objected (ECF No. 121). On recommittal, the Magistrate Judge again recommended that result (Supplemental Report, ECF No. 125).

3

Both the Report and the Supplemental Report take the position that this Court does not have jurisdiction to modify a final judgment which is on appeal. The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P. 60(a) or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

Judge Watson adopted those Reports, noting the need for this Court to ensure that it has jurisdiction (Opinion and Order, ECF No. 129, PageID 9159). The instant Motion followed.

**Positions of the Parties**

Kinley seeks relief from this Court's Judgment dismissing Grounds Sixteen and Seventeen "because of a fundamental error in the prior habeas proceedings which excluded consideration of evidence supporting the Sixteenth and Seventeenth Grounds for Relief." (ECF

4

No. 133, PageID 9165). The excluded evidence is the deposition testimony of State's witness Donald Merriman.

Petitioner notes that he is claiming a fundamental defect in the prior habeas proceedings, rather than raising a new claim for relief, making a Rule 60 motion proper without "second or successive" permission under 28 U.S.C. § 2244(b)(Motion, ECF No. 133, PageID 9169, relying on *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005)). Petitioner asserts:

> The defect in the proceedings was because of the intervening holding in *Pinholster*. It is impossible to know what this Court's resolution of Petitioner's Sixteenth and Seventeenth grounds would have been, had the Court reviewed Petitioner's claims with all of the evidence.
>
> The result is a defect in the integrity of Petitioner's federal habeas proceedings warranting relief from this Court's prior judgment under Fed. R. Civ. P. 60(b)(6). Petitioner's federal habeas case should be re-opened and his Sixteenth and Seventeenth claims for relief should be afforded review in toto.

*Id.*

Respondent opposes the Motion, asserting that Kinley seeks by it to relitigate claims already decided against him, making the 60(b)(6) Motion the equivalent of a second or successive habeas application (ECF No. 134).

In his Reply, Kinley returns to his theme that the Sixth Circuit's purpose of remanding this case was to have this Court consider the Merriman deposition on the merits (Reply, ECF No. 135, PageID 9185). He also disputes the Warden's argument that the 60(b)(6) Motion is a second or successive habeas application.

# Analysis

Fed.R.Civ.P. 62.1 provides:

> (a) **Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) **Notice to the Court of Appeals**. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) **Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

The Magistrate Judge believes Fed.R.Civ.P. 62.1 applies to the instant Motion.

Implicit in the Court's permission to depose Donald Merriman was the conclusion that what he had to say would be relevant to Petitioner's Sixteenth and Seventeenth Grounds for Relief. That conclusion is reinforced by the Court's later permission to expand the record with the transcript of that deposition. As the Reports on the merits hopefully make clear, the deposition would have been considered on the merits if the Magistrate Judge had not concluded the Court was precluded from doing so by *Pinholster*.

Kinley now asserts it was a "fundamental defect" in these proceedings that this Court did not consider the Merriman Deposition in deciding the merits. The Magistrate Judge believed at the time[1] that *Pinholster* precluded that consideration, but recommended a certificate of appealability on the question, which Judge Watson granted. *Pinholster* as a precedent was only

---

[1] September 14, 2011, the date the Supplemental Report on the merits was filed.

five months old when the Supplemental Report was filed; it is now ten years old. But Kinley cites no case from any federal court in which it has been held that evidence parallel to the Merriman deposition – evidence obtained during the habeas discovery process, but never considered on the merits by the state courts – can be considered by the habeas court. Instead, circuit court decisions have strengthened this Court's view of the preclusive effect of *Pinholster*. For example, "[e]vidence developed in a federal-court evidentiary hearing prior to *Pinholster* may not be considered when the court engages in § 2254(d)(1) review after *Pinholster*." *Cunningham v. Hudson,* 756 F.3d 477, 487, n.4 (6th Cir. 2014), citing *Franklin v. Bradshaw*, 695 F.3d 439, 452, n.3 (6th Cir. 2012). The limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013). *Moore* also holds this restriction applies even if the record is expanded on joint motion and agreement to such a motion does not waive the State's objection under *Pinholster*.

Based on the lack of supporting precedent, the Magistrate Judge concludes there is no "fundamental defect" in this Court's final judgment of the sort that Kinley identifies – failure to consider evidence whose consideration is precluded by *Pinholster*.

The Magistrate Judge also disagrees with the Warden's effort to classify the instant Motion as a second or successive habeas application. Instead Kinley seeks to correct what he considers to be a fundamental defect in the judgment already entered.

On a more general level, however, the Magistrate Judge may be mistaken in his reading of the remand. If the Sixth Circuit believes that considering the Merriman deposition on the merits is consistent with *Pinholster*, it has only to say so. In other words, the Magistrate Judge recommends, pursuant to Fed.R.Civ.P. 62.1, that this Court state it would grant the 60(b)(6) motion if, but only if, the Sixth Circuit remands the case for that purpose and states in the

7

remand order that this Court's considering the Merriman Deposition on the merits of Grounds Sixteen and Seventeen is **not** inconsistent with *Pinholster*. Alternatively, of course, Petitioner could ask the Sixth Circuit to clarify the remand order it previously entered to make that statement.

This recommendation is made to ensure this Court has jurisdiction to decide the 60(b)(6) so that judicial time is not wasted in making decision without jurisdiction.

April 19, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

Counsel are cautioned that the Magistrate Judge will view skeptically any requests for extension of time to make objections. This case has been pending on remand since August 15, 2019. Since then the Court has granted seven extensions of time for various reasons. In this and other capital litigation the Magistrate Judge has almost always honored motions for extension which are unopposed. That alone will not be deemed sufficient with respect to this Report.#