# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Juan A.L. Kinley,

    Petitioner,

v.

Margaret Bradshaw, Warden,

    Respondent.

Case No. 3:03-cv-127
Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

Final judgment dismissing this capital habeas corpus action was entered on October 2, 2014. ECF No. 86. While this case was on appeal, Petitioner Juan A.L. Kinley ("Petitioner") sought and obtained a remand to this Court. ECF No. 93. This matter is before the Court for consideration of Kinley's Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6), ECF No. 133, the Magistrate Judge's Report and Recommendation (R&R), ECF No. 136, and Kinley's Objections, ECF No. 137. For the following reasons, the Court **OVERRULES** Kinley's Objections, **ADOPTS** the R&R, and **DENIES** Kinley's Motion for Relief from Judgment.

### A. PROCEDURAL HISTORY

This case was returned to the Court when Kinley moved the United States Court of Appeals for the Sixth Circuit to remand the case to permit this Court to reconsider grounds sixteen and seventeen in light of the deposition testimony of

Donald Merriman, obtained during habeas corpus discovery. The order granting Kinley's motion states in its entirety:

> The petitioner moves to remand this appeal to the district court to permit it to consider the Sixteenth and Seventeenth grounds for relief in light of new deposition testimony. The respondent opposes the motion, and the petitioner replies.
>
> The motion to remand is GRANTED to enable the district court to address the matters in the first instance. The court will retain jurisdiction in this appeal, and the petitioner is instructed to file a status report every 90 days.

ECF No. 93.

On March 2, 2020, Kinley filed a Motion to Grant Habeas Corpus Relief on Grounds sixteen and seventeen. ECF No. 111. Kinley argues that the State both suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 86 (1963), and knowingly solicited false testimony in violation of *United States v. Agurs*, 427 U.S. 97, 103 (1975), and *Napue v. Illinois*, 360 U.S. 264, 269 (1959), in light of the deposition testimony of Donald Merriman. Merriman testified at trial that Kinley had admitted to the killings for which he was tried and sentenced to death but testified in his deposition that he lied at Kinley's trial and that Kinley never made any such admission. The Court ruled when it originally denied relief on grounds sixteen and seventeen that it could not consider the Merriman deposition because of evidentiary limitations imposed by *Cullen v. Pinholster*, 563 U.S. 170 (2011). ECF No. 67, at PageID ## 570–71; ECF No. 77, at PageID ## 675–77; ECF No. 85, at PageID ## 780–89. There, the

Supreme Court held that any decision by a federal court in habeas corpus on a claim that the state courts adjudicated on the merits must be limited to the same record that the state court had before it. The state courts did not have the Merriman deposition before them when they rejected Kinley's claims during his initial postconviction proceedings. But Kinley argued that his re-presentation of those claims, bolstered by the Merriman deposition, to the state courts during successor postconviction proceedings cleared the way for this Court to reconsider those claims *and* the Merriman deposition. ECF No. 111, at PageID ## 8949–50, 8952.

In a June 12, 2020 Report and Recommendation, the Magistrate Judge recommended that Kinley's motion for habeas relief be denied for want of jurisdiction. ECF No. 118. The Magistrate Judge set forth the short remand order verbatim, then noted that final judgment was entered in this Court on grounds sixteen and seventeen, which was appealable and appealed, and was not vacated by the remand order. *Id.* at PageID # 9013. Finding the Court to be without the authority to modify a judgment that was on appeal, the Magistrate Judge opined that the proper course for Kinley was to file a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *Id.* at PageID # 9014. The Magistrate Judge reasoned that if Kinley could satisfy the Rule 60(b) standard, then this Court would have the authority to modify judgment on grounds sixteen and seventeen. If not, the Magistrate Judge continued, the Court would at least

be in a position to make an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a)(3).

Kinley objected to the Magistrate Judge's Report, ECF No. 121, and on August 17, 2020, this Court returned the matter to the Magistrate Judge for further analysis, ECF No. 123.

On November 5, 2020, the Magistrate Judge issued a Supplemental Report and Recommendation recommending that Kinley's objections be overruled. ECF No. 125. The Magistrate Judge again recounted the Sixth Circuit's remand order verbatim. The Magistrate Judge found unpersuasive Kinley's entreaty for construing the remand order *in pari materia* with the parties' pleadings, and assertion that if the Sixth Circuit had intended a limited remand it would have cited App. R. Civ. P. 12.1. *Id*. at PageID ## 9130–31. Concluding that Rules 12.1 and 62.1 must be considered together, since they were adopted by the same United States Supreme Court order, the Magistrate Judge reiterated that the filing of a notice of appeal divests a district court of jurisdiction and cautioned that issuing any decision altering a final judgment without the jurisdiction to do so risks wasting time and judicial resources. *Id*. at PageID ## 9132–33.

Upon consideration of Kinley's objection, ECF No. 127, this Court on December 15, 2020, overruled Kinley's objection and adopted the Report and Supplement. ECF No. 129. In rejecting Kinley's argument that the Sixth Circuit's

remand order "essentially vacated" the final judgment, this Court noted that the Sixth Circuit expressly retained jurisdiction, did not issue a mandate, and offered no language vacating the final judgment. *Id.* at PageID # 9158.

Kinley acquiesced, and filed a Fed. R. Civ. P. 60(b) motion for relief from judgment on January 29, 2021. ECF No. 133. Kinley argued that he satisfies the Rule 60(b) standard because this Court's adherence to the intervening decision in *Pinholster* constituted a fundamental error or defect in the integrity of these proceedings. *Id.* at PageID # 9169. Kinley continued that his case presents the type of exceptional or extraordinary circumstances that Rule 60(b) was meant to remedy, insofar as the state's most incriminating evidence against Kinley consisted of suborned perjury and false testimony that reconsideration of grounds sixteen and seventeen *in light* of the Merriman deposition would enable this Court to redress. *Id.* at PageID ## 9168–70. Arguing that the delicate balance between finality and justice here falls strongly in favor of relief because he has exercised diligence and demonstrated probable merit, Kinley urged the Court to give him the one fair shot at habeas corpus review that Congress intended. *Id.* at PageID # 9170. He stressed the inaccuracy of the highly incriminating evidence, the fact that confessions are like no other evidence, and how this alleged confession was bolstered even further in this case by the fact that the prosecution repeatedly emphasized the false testimony about Kinley's alleged confession. *Id.* at PageID ## 9170–72. Finally, Kinley reminded that he

is under sentence of death, and "'death is different.'" *Id.* at PageID # 9174 (quoting *Gardner v. Florida*, 430 U.S. 349, 357–58 (1977)).

In the April 19, 2021 R&R, the Magistrate Judge recommended (1) denying Kinley's motion, due to Kinley's failure to demonstrate a fundamental defect sufficient to satisfy the Rule 60(b) standard, and (2) issuing an indicative ruling pursuant to Fed. R. Civ. P. 62.1 stating that the Court would grant Kinley's Rule 60(b)(6) motion if, but only if, the Sixth Circuit remands the matter for that purpose *and* states that consideration of the Merriman deposition is not inconsistent with *Pinholster*. ECF No. 136. After reiterating his belief that Fed. R. Civ. P. 62.1 applies in this case, the Magistrate Judge noted that the Merriman deposition would have been considered were it not for *Pinholster*. *Id.* at PageID # 9196. The Magistrate Judge further noted that in the ten years since *Pinholster* was issued, Sixth Circuit decisions have only strengthened the Magistrate Judge's view of *Pinholster*'s preclusive effect and Kinley failed to offer any authority for why this Court can consider the deposition. *Id.* at PageID ## 9196–97. The Magistrate Judge conceded that he "may be mistaken in his reading of the remand[,]" and that "[i]f the Sixth Circuit believes that considering the Merriman deposition on the merits is consistent with *Pinholster*, it has only to say so." *Id.* at PageID # 9197. The Magistrate Judge also offered that, "[a]lternatively, of course, Petitioner could ask the Sixth Circuit to clarify the remand order it previously entered to make that statement." *Id.* at PageID

# 9198. The Magistrate Judge concluded by stating, "This recommendation is made to ensure this Court has jurisdiction to decide the 60(b)(6) [motion] so that judicial time is not wasted in making [sic] decision without jurisdiction." *Id*.

This matter is now before the Court upon Kinley's timely objection. ECF No. 137. For the following reasons, this Court **OVERRULES** Kinley's objections, ECF No. 137, and **ADOPTS** the Magistrate Judge's R&R, ECF No. 136.

## B. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's report and recommendation on a *dispositive* motion, the District Judge is required by Federal Rule of Civil Procedure 72(b)(3) to review *de novo* any portion of the report to which specific objection has been made.

When a party objects to a magistrate judge's ruling on a *non-dispositive* motion, on the other hand, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made.

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (citations omitted).

Here, according to Kinley, the Magistrate Judge's Report "can be read as either dispositive or non-dispositive, depending on whether or not this Court chooses to deny Kinley's Rule 60(b) and dismiss his request for a merits adjudication on grounds sixteen and seventeen, or requests clarification from the Sixth Circuit pursuant to Fed. R. Civ. P. 62.1." ECF No. 137, at PageID # 9203.

Because a motion for relief from judgment is not a "pretrial matter" referred to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), the Court treats it as an "additional duty" referred under 28 U.S.C. § 636(b)(3) requiring an assigned Magistrate Judge to file a report and recommendation. The Court then reviews that report *de novo* and has done so here.

Kinley seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b) allows a party to seek relief from final judgment under limited circumstances. Rule 60(b)(6) is a catchall provision that allows relief for any other reason that justifies relief and is properly invoked only in exceptional or extraordinary circumstances. Courts should thus employ Rule 60(b)(6) "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d

519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)).

The Magistrate Judge invoked Fed. R. Civ. P. 62.1, which provides:

**Rule 62.1 Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal**

**(a) Relief Pending Appeal.** If a timely motion is made for relief that the Court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

**(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

**(c) Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1

### C. KINLEY'S OBJECTIONS

Kinley objects (1) to the Magistrate Judge's narrow reading of the Sixth Circuit's remand order; and (2) that the indicative ruling proposed by the Magistrate Judge is warranted. He raises the following objections and divides them into two parts.

> Kinley objects/appeals from the Magistrate Judge's Report and Recommendations denying Kinley's Rule 60(b) motion on the ground that there was no fundamental defect in this Court's final order/judgment (ECF 85 & 86); or, alternatively that this Court or Petitioner request a clarification from the Sixth Circuit Court of Appeals of its remand order (ECF 93) that this Court is permitted under *Pinholster* to consider the Merriman deposition to adjudicate Kinley's sixteenth and seventeenth grounds for relief.
>
> 1. To the extent the Sixth Circuit ordered this case remanded to [re]consider the sixteenth and seventeenth grounds for relief in light of the Merriman deposition, this Court has the authority to vacate its final judgment on those grounds and make a merits ruling based upon the new evidence.
>
> 2. There is no need for this Court, or Kinley, to request the court of appeals, under Fed. R. Civ. P. 62.1, issue another remand order stating the district court has jurisdiction to consider the sixteenth and seventeenth grounds for relief in light of Merriman's deposition testimony and that doing so would not run afoul of *Pinholster*.

ECF No. 137, at PageID ## 9203, 9204, 9207.

For the reasons that follow, the Court disagrees with and overrules these objections. The Court cannot, no matter how much it wants to, read the mandate order as conveying jurisdiction to grant relief on grounds sixteen and seventeen, or even reconsider them in light of the Merriman deposition because of the preclusive effect of *Pinholster*—which this Court is not persuaded Kinley's unsuccessful pursuit of successor postconviction relief removed.

1. **The Remand Order**

Although it certainly seems unlikely, as Kinley reasons, that the Sixth Circuit would remand the case if it did not intend to give this Court the jurisdiction

to reconsider grounds sixteen and seventeen in light of the Merriman deposition, the Court cannot help but reach the same conclusion that the Magistrate Judge reached. That is, a final judgment was entered on those grounds, which was appealable and appealed. Neither the remand order nor any order this Court could find reversed or vacated that judgment. No mandate issued. And the Sixth Circuit expressly retained jurisdiction.

It is axiomatic that federal courts are courts of limited jurisdiction, and when there is doubt as to whether jurisdiction exists, that doubt should be resolved in favor of finding no jurisdiction. *Cf. Lam v. City of Cleveland*, No. 1:18-cv-2023, 2018 WL 5857990, at *1–2 (N.D. Ohio Nov. 9, 2018) (addressing removal) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *Crump v. Worldcom, Inc.*, 128 F. Supp. 2d 549, 552 (W.D. Tenn. 2001) ("'The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.'") (quoting *Robinson v. Mich. Consolidated Gas Co., Inc.*, 918 F.2d 579, 582 (6th Cir. 1990)).

"As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)). If the Sixth Circuit intended its remand order to convey jurisdiction to this Court, it

included no language to that effect and expressly stated that it was retaining jurisdiction. "[A] remand is presumptively general as opposed to limited." *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018). To limit or tailor the scope or purpose of a remand, the court of appeals must convey clearly its intent with language that is unmistakable. *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999). But the appellate court need not state its intent in the final sentence of the order; rather, it may state so anywhere in the order. *Woodside*, 895 F.3d at 900.

This Court earnestly wants to comply with the Sixth Circuit's wishes. But questions of jurisdiction must be resolved in favor of finding no jurisdiction. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). And the remand order in this case gives no indication of conveying jurisdiction and every indication that it did not. That is especially so, as the Court will explain below, when the remand order purports to direct this Court to do something—namely, weigh the merits of claims in light of new evidence that the state courts did not have before them when they considered those same claims--that would fly in the face of ten years of Sixth Circuit precedent with respect to the circuit's interpretation and application of *Pinholster*.

When the Magistrate Judge recommended, and this Court agreed, that the only way the Court could grant the relief Kinley requested, in view of the remand order, was for Kinley to file a Rule 60(b) motion, it was with the hope or even

expectation that Kinley would be able to satisfy the Rule 60(b) standard. But the only "fundamental error" or "defect in the integrity of the proceedings" to which Kinley could point was this Court's adherence to *Pinholster*. A district court's observance of controlling law, however much the court may disagree with that law, cannot be characterized as a fundamental error or a defect in the integrity of the proceedings. *Pinholster* had not yet been handed down when the Court granted Kinley leave to depose Donald Merriman. But it was fully in effect when the Court considered the merits of Kinley's claims, and its reach was unmistakable—made only clearer, as the Magistrate Judge pointed out, by the Sixth Circuit's application of *Pinholster* over the decade since it was issued to strictly preclude the consideration of new evidence when weighing the merits of claims that the state courts adjudicated on the merits.

The Court thus **OVERRULES** Kinley's objection that "this Court has the authority to vacate its final judgment on [the sixteenth and seventeenth grounds[,]" ECF No. 137 at PageID # 9204, and agrees with and **ADOPTS** the Magistrate Judge's recommendation that Kinley's Rule 60(b) motion, ECF No. 133, must be **DENIED**.

2. *Pinholster*

What Kinley asks the Court to do is far too substantial to do in the absence of an unmistakable directive. Even if Kinley discussed *Pinholster* in his motion requesting remand, the remand order itself does not convey the kind of

command this Court believes is owing for it to undertake such an about-face vis-à-vis *Pinholster*. Kinley assumes, without reasoning or authority, that his return to the state courts in successor postconviction proceedings to re-present his claims, along with the Merriman deposition, removes any hurdle that *Pinholster* presented to this Court's ability to consider the Merriman deposition. ECF No. 137, at PageID # 9200 ("And, since the state court had then been given an opportunity to rule on that evidence, *Pinholster* no longer precluded this Court from considering the evidence obtained in the deposition[.]"); at PageID # 9200 ("Then, in its order granting Kinley's motion to remand, *because he had complied with the requirements of Pinholster* . . . ." (emphasis added)). And Kinley appears to assume from the Sixth Circuit's silence that it agrees. But that position is directly at odds with the one this Court recently took as to another unsuccessful attempt to re-present claims and new evidence to the state courts in successor postconviction proceedings in an effort to avoid *Pinholster*'s preclusive effect.

In *Dunlap v. Paskett*, No. 1:99-cv-559, 2019 WL1274862 (S.D. Ohio Mar. 20, 2019), this Court rejected a similar request by a petitioner to consider new evidence developed in habeas corpus discovery following the petitioner's return from an unsuccessful pursuit of successor postconviction proceedings in an effort to overcome *Pinholster*'s restriction. The Court explained in part:

[I]n *Carter v. Mitchell*, 829 F.3d [455], 464–67 [(6th Cir. 2016)], the

Sixth Circuit held that the trial court had not abused its discretion in denying Carter's request to stay his habeas proceedings and hold them in abeyance so he could return to the state court to present evidence in support of claims that had already been presented to and rejected by the state courts—albeit without the evidence that Carter had developed in habeas corpus. The Sixth Circuit noted that "*Pinholster* indeed limited the 'record under review' in federal habeas proceedings to 'the record before the state court,' precluding review of evidence developed in federal habeas proceedings." *Id.* at 464. "[I]n an effort to evade *Pinholster*," the Sixth Circuit continued, "Carter seeks to return to state court so that he can change the record before it and, hopefully, recommence federal habeas proceedings with a more favorable state court record." *Id.* The crux of Carter's argument was that "*Rhines* permits stays for a petitioner to 'exhaust evidence' – in other words, to return to state court to submit additional evidence to buttress claims already exhausted...." *Id.* at 466. The Sixth Circuit rejected that argument, and made clear that *Rhines* stays may not be extended to encompass "unexhausted evidence." *Id.* at 467.

*Dunlap*, 2019 WL 1274862, at *7.

There is a critical distinction between state courts *being presented* with evidence and state courts *having evidence before them* within the meaning of *Pinholster*. As this Court reasoned in *Dunlap*:

[T]he evidence Petitioner seeks to add to ground fourteen is evidence that the state courts have not considered, despite Petitioner's attempt to persuade them to consider it. As to each of the claims that Petitioner presented in his successive postconviction petition, both the trial court and the court of appeals held that the trial court did not have jurisdiction to consider the claim because Petitioner had failed to meet the jurisdictional prerequisites for filing a successive postconviction petition set forth in Ohio Rev. Code § 2953.23(A). (record citations omitted.) The Ohio Supreme Court declined jurisdiction to review the case, thereby leaving in effect the trial court's judgment as affirmed by the court of appeals. (record citation omitted.) It is immaterial that the trial court and appellate court offered pronouncements on the merits of some of Petitioner's

> claims, for any judgment of the merits by a court that lacks jurisdiction is *void ab initio*. *See, e.g., Gumm v. Mitchell*, 775 F.3d 345, 362 (6th Cir. 2014). And the Sixth Circuit has ruled that R.C. § 2953.23(A)'s jurisdictional prerequisites constitute an adequate basis for denying federal habeas review. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *see also Stojetz v. Ishee*, 892 F.3d 175, 204-06 (6th Cir. 2018); *Davie v. Mitchell*, 547 F.3d 297, 311 (6th Cir. 2008).
>
> [T]he unmistakable conclusion from the foregoing is that the state courts were presented with, but did not consider and therefore *did not have before them*, the new evidence that Petitioner seeks to add to his fourteenth ground for relief. That being so, *Pinholster* precludes this Court from considering that evidence in determining whether the state courts' decision denying the version of Petitioner's mitigation-phase ineffective assistance claim as originally pleaded was unreasonable within the meaning of 28 U.S.C. § 2254(d).

*Dunlap*, 2019 WL 1274862, at *9. A court without jurisdiction to rule on a successive postconviction action cannot be said to have had before it any of the evidence underlying that action.

Here, as in *Dunlap*, the state courts determined that Kinley failed to satisfy the jurisdiction prerequisites for pursuing a successive and untimely postconviction petition. The Court rejects Kinley's assertion that the state appellate court addressed the merits of his claims and suggestion that that somehow "complied" with *Pinholster* and removed *Pinholster*'s preclusive effect. As this Court stated in *Dunlap*, "[i]t is immaterial that the trial court and appellate court offered pronouncements on the merits of some of Petitioner's claims, for any judgment of the merits by a court that lacks jurisdiction is *void ab initio*." *Id.* (citing *Gumm v. Mitchell*, 775 F.3d 345, 362 (6th Cir. 2014)). And, as the Court

also noted in *Dunlap*, *Pinholster* does not contain a due diligence exception. *Id.* at *10 (quoting *Lynch v. Hudson*, 182 F. Supp. 2d 787, 791 (S.D. Ohio 2016)). That being so, as to any claim that the Ohio courts adjudicated on the merits, *Pinholster* precludes this Court from considering any evidence that the state courts did not have before them in determining whether the state courts' adjudication was unreasonable under § 2254(d).[1]

That is why the indicative ruling advocated by the Magistrate Judge is especially warranted in the instant case. This Court concluded in *Dunlap* that there was no due diligence exception to *Pinholster* and that it was not for this Court to find one in the first instance. If the Sixth Circuit believes otherwise, then it need only say so. And an indicative ruling by this Court provides a tailor-made vehicle for the Sixth Circuit to say so. As noted above, Kinley assumes that his return to the state courts in successor postconviction proceedings to re-present his claims, along with the Merriman deposition, removes any hurdle that *Pinholster* presented to this Court's ability to consider the Merriman deposition. And he assumes from the Sixth Circuit's silence that it agrees. Maybe the Sixth Circuit does agree with Kinley and would disagree with the position that this

---

[1] *But see Hughbanks v. Hudson*, -- F. 4th --, 2021 WL 2521591, at *4–5 (6th Cir. June 21, 2021) (finding, without discussing or citing *Pinholster*, that a *Brady* claim re-presented in a successive postconviction action that the state courts dismissed for want of jurisdiction was not adjudicated on the merits, and was therefore entitled to *de novo* review, but was procedurally defaulted absent a showing of cause and prejudice to excuse the default.)

Court took in *Dunlap* (and agree with the position the panel in *Hughbanks* took). In the Undersigned's view, that would be a welcome development in the law. But given the magnitude of the about-face that would represent, this Court would rather know for certain that that is what the Sixth Circuit intended than to presume as much from silence.

The Court accordingly **OVERRULES** Kinley's objection that "[t]here is no need for this Court, or Kinley, to request the court of appeals, under Fed. R. Civ. P. 62.1, issue another remand order...." ECF No. 137, at PageID # 9207.

### D. CONCLUSION AND INDICATIVE RULING

For the foregoing reasons, the Court **DENIES** Kinley's Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b), ECF No. 133.

Pursuant to Federal Rule of Civil Procedure 62.1, the Court **FURTHER STATES** that it would grant Kinley's Motion for Relief from Judgment to reconsider grounds sixteen and seventeen in light of the Merriman deposition if, but only if, the Sixth Circuit remands the case for that purpose and states in the remand order that this Court's reconsideration of grounds sixteen and seventeen in light of the Merriman deposition is not inconsistent with *Pinholster*.

Finally, the Court agrees with the Magistrate Judge that, alternatively, Kinley could ask the Sixth Circuit to clarify its remand. ECF No. 136, at PageID # 9198.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**