

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Juan A.L. Kinley,

    Petitioner,

v.                          Case No. 3:03-cv-127
                               Judge Michael H. Watson
Margaret Bradshaw, Warden,     Magistrate Judge Michael R. Merz

    Respondent.

## OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY

Final judgment dismissing this capital habeas corpus action was entered on October 2, 2014. ECF Nos. 85 & 86. Following a remand by the United States Court of Appeals for the Sixth Circuit directing the Court to reconsider Petitioner's sixteenth and seventeenth grounds for relief in light of new evidence, ECF No. 139, this Court on September 18, 2023, issued an Opinion and Order denying those claims, ECF No. 146. The Court also denied Petitioner's motion to stay and abey. Petitioner asks this Court to certify both issues for appeal. ECF No. 147.[1] Petitioner's motion is well taken, and the certificate of appealability will issue.

---

[1] While not conceding that this Court's denial of grounds sixteen and seventeen meets the standard for a certificate of appealability set forth in 28 U.S.C. § 2253(c), Respondent nonetheless "does not oppose Kinley's motion." ECF No. 150, at PAGEID # 9342.

# I. STANDARD OF REVIEW

A state prisoner seeking federal habeas corpus relief is not automatically entitled to appeal a district court's decision denying relief unless the district court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner has made a substantial showing of the denial of a constitutional right. That requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit recently vacated a COA on the basis that the district court did not apply the stringent standard required for issuance of a COA. *Moody v. United States*, 958 F.3d 485 (6th Cir. 2020). There, the Sixth Circuit cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Id*. at 488. "To put it simply," the Sixth Circuit continued, "a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id*. (emphasis in original).

# II. ANALYSIS

## A.    Grounds Sixteen and Seventeen

On October 2, 2014, this Court issued an Opinion and Order denying

Petitioner's claims and dismissing his habeas corpus action with prejudice. ECF No. 85. In grounds sixteen and seventeen, Petitioner argued that his rights to due process and a fair trial were violated because a material prosecution witness, Donald Merriman, provided false and/or inaccurate testimony and because the state knowingly solicited and presented that false testimony.

At Petitioner's trial, Merriman testified that he had had a conversation with Petitioner in January of 1989 during which Petitioner asked Merriman whether he had ever killed anyone and then confessed that he (Petitioner) had killed his girlfriend and her son, Thelma and David Miller. By way of two affidavits obtained by Petitioner's postconviction counsel in 1996, Merriman averred that the January 1989, conversation never happened and that Merriman had not seen Petitioner in years until they were in jail together in March 1989. Merriman also averred that he provided the fabricated testimony in order to receive favorable treatment in two criminal cases pending against him. Relatedly, Petitioner further argued that the prosecution knowingly solicited and presented Merriman's false testimony, in regards both to the alleged conversation with Petitioner and to Merriman's denial that he was testifying in order to obtain favorable treatment in his own criminal cases.

During Petitioner's postconviction proceedings, (for which Merriman failed to appear to testify), the state presented an affidavit and testimony by several prosecutors recounting conversations they said they had had with Merriman in

January of 1997 at the Warren Correctional Institution in which Merriman had told them that his trial testimony had been true and that he had only signed the 1996 affidavits recanting his trial testimony because Petitioner's postconviction counsel had appealed to Merriman's conscience and so that Petitioner's postconviction counsel would leave him alone. They also testified that no deals or promises of leniency had been provided or offered to Merriman in exchange for his testimony at Petitioner's trial. The trial court again[2] rejected Petitioner's postconviction action. ECF No. 102-12, at PAGEID # 4312–16. The Court of Appeals affirmed that decision, ECF No. 102-14, at PAGEID # 4742–52, and the Ohio Supreme Court declined to exercise jurisdiction over Petitioner's appeal without opinion, ECF No. 102-15, at PAGEID # 5064.

In a 2006 deposition conducted during these habeas corpus proceedings, Merriman essentially reiterated the veracity of his 1996 affidavits and again recanted his trial testimony. ECF No. 44-1, at PAGEID # 191–95. This Court did _not_ consider Merriman's 2006 deposition, concluding that *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), precluded review. But the Sixth Circuit, in its remand, directed the Court to reconsider Petitioner's sixteenth and seventeenth grounds for relief in light of that 2006 deposition.

The Court rejected grounds sixteen and seventeen anew because it could

---

[2] After the trial court initially rejected Petitioner's postconviction action, the court of appeals remanded the matter back to the trial court to conduct an evidentiary hearing.

not find that the evidence, now including Merriman's 2006 deposition, constituted clear and convincing evidence to rebut the state court's credibility determination that Merriman's recantations of his trial testimony were not to be trusted. Trial Court Postconviction Decision, ECF No. 102-12, at PAGEID # 4314, 4316; Appellate Court Postconviction Decision, ECF No. 102-14, at PAGEID # 4749–52. Noting that Merriman had, over a period of more than a decade, issued no fewer than four back-and-forth recantations, this Court asked what it was to do with the variations of the testimony. ECF No. 146, at PAGEID # 9321. The Court also found no evidence that Merriman had been *promised* leniency in *exchange* for his testimony against Petitioner. *Id.* at PAGEID # 9321–23. Finally, the Court concluded that Merriman's 2006 deposition added little to the calculus—not only in view of the foregoing, but also because of the other evidence of Petitioner's guilt. *Id.* at PAGEID # 9323–28.

As Petitioner points out, ECF No. 147, at PAGEID # 9331, this Court previously certified grounds sixteen and seventeen for appeal when it originally denied those claims in 2014. ECF No. 85, at PAGEID # 803. Asserting that it is unclear whether that certificate of appealability remains intact following the Court's September 18, 2023, decision denying those claims anew, "Petitioner moves this Court to reissue a [certificate of appealability]" on those claims. ECF No. 147, at PAGEID # 9331. Petitioner argues that this Court failed to account

ECF No. 102-14, at PAGEID # 4564–66, 4569.

for the fact that Merriman's deposition, as opposed to his affidavits, was under oath and subject to cross examination, as well as for Merriman's acknowledgement that he faced potential criminal perjury charges in coming forward. *Id*. at PAGEID # 9332.  Additionally, according to Petitioner, the three-judge panel that found Petitioner guilty and sentenced him to death was unaware of the promises made to Merriman, and the leniency he anticipated, in exchange for his testimony against Petitioner. *Id*.

In view of the gravity of Merriman's testimony against Petitioner, and Petitioner's arguments in support of discrediting that testimony as false, the Court is satisfied that reasonable jurists could debate whether the disposition of grounds sixteen and seventeen should have been decided differently.  The Court accordingly certifies grounds sixteen and seventeen for appeal.

**B.    Stay and Abeyance**

While the Sixth Circuit's remand was under consideration by this Court, Petitioner filed a motion to hold these proceedings in abeyance, arguing that a recent decision by the Supreme Court of Ohio expands the scope of the successive postconviction and motion for new trial remedies that Petitioner had previously pursued, thus rendering his sixteenth and seventeenth claims unexhausted.  ECF No. 142.

Petitioner argued that a recent decision by the Supreme Court of Ohio, *State v. Bethel*, 192 N.E.3d 470, 483–84 (Ohio 2022), created new procedural

avenues for Petitioner to present his sixteenth and seventeenth grounds for relief in seeking relief from his conviction. Specifically, Petitioner argued that *Bethel* lowered the standard of proof for satisfying Ohio's successor postconviction jurisdictional prerequisites, Ohio Rev. Code § 2953.23(A)(1)(b).

But this Court rejected Petitioner's argument that the *Bethel* decision somehow rendered previously exhausted claims now unexhausted and thus concluded that stay and abeyance was not warranted. ECF No. 146, at PAGEID # 9297–9300. To the extent that a certificate of appealability is required,[3] the Court is satisfied that reasonable jurists could disagree with the Court's decision denying Petitioner's *Bethel*-based request for a stay. The issue of whether the Supreme Court of Ohio's *Bethel* decision has the effect of rendering previously exhausted claims now unexhausted continues to be the subject of litigation. *See, e.g., Conway v. Houk*, Case No. 3:07-cv-345 (ECF No. 316), 2023 WL 6248503 (S.D. Ohio Sep. 26, 2023) (Merz, M.J.); *Conway v. Warden, Chillicothe Corr. Inst.*, Case No. 2:07-cv-947 (ECF No. 229), 2023 WL 2527252 (S.D. Ohio Mar. 15, 2023) (Marbley, C.J.); *Were, n.k.a. Mateen v. Bobby*, Case No. 1:10-cv-698

---

[3]*See Carter v. Mitchell*, 829 F.3d 455, 462–63 (6th Cir. 2016) (addressing denial of stay-and-abeyance upon district court's certification of that issue for appeal); *see also Wycuff v. Sheldon*, No. 21-3025, 2021 WL 6339616, at *5 (6th Cir. Aug. 9, 2021) (applying "would reasonable jurists agree" certificate of appealability standard to district court's denial of stay-and-abeyance); *Jackson v. Perry*, No. 20-6229, 2021 WL 5021073, at *3 (6th Cir. May 17, 2021) (same); *Van Durmen v. Smith*, No. 13-1522, 2014 WL 11070972, at *1 (6th Cir. Dec. 12, 2014) (granting certificate of appealability on whether district court erred in denying request for a stay and dismissing habeas petition for failure to exhaust remedies).

(ECF No. 192), 2023 WL 2522837 (S.D. Ohio Mar. 15, 2023) (Watson, J.). That fact persuades the Court that this issue deserves to proceed further.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for a certificate of appealability, ECF No. 147, is **GRANTED**. The Court **ISSUES** a **CERTIFICATE of APPEALABILITY** on its decisions that: (1) grounds sixteen and seventeen are without merit; and (2) stay and abeyance was not warranted.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT